In the Matter of NORTHLAND POINT PARTNERS, Debtors.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

The STOUFFER CORPORATION, Defendant.

NORTHLAND POINT PARTNERS, Plaintiff,

v.

The STOUFFER CORPORATION, Defendant.

Bankruptcy No. 82–05387–W.
Adv. No. 82–2277–W, 82–2332–W.

United States District Court,
E.D. Michigan, S.D.

Jan. 7, 1983.

Donald B. Lifton, Southfield, Mich., for Northland Point.

W. A. Steiner, Jr., Nancy S. Martin, Timothy VanDusen, Detroit, Mich., for Stouffer.

## ORDER

DeMASCIO, District Judge.

This cause is before the court on appellant Stouffer Corporation's motion challenging the constitutionality of an Interim Rule governing the administration of the bankruptcy system adopted by the United States District Court for the Eastern District of Michigan. After a careful review of the relevant statutory and case law, we remain persuaded that this Interim Rule, adopted in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), is constitutional and valid.

We hold that *Marathon* does not create a jurisdictional lapse. The relevant statutory provisions taken singularly and conjunctively manifest the Congressional intention that at the very least federal district courts would retain jurisdiction of matters arising under Title 11 or arising in or related to cases under Title 11 until April 1, 1984. Congress carefully kept in effect, until 1984, statutory provisions that give the federal district courts "original jurisdiction, exclusive of the courts of the states, of all matters and proceedings in bankruptcy." 28 U.S.C. § 1334. Congress also made clear, through incorporation by reference, that the jurisdictional powers of the federal district courts would not change during the transitional period. §§ 404 and 405, Bankruptcy Reform Act of 1978 (P.L. 95–598). Congress purposely included these provisions to satisfy its stated concern over the constitutionality of the broad jurisdictional grant afforded to bankruptcy judges under the act. It is apparent that Congress, at a minimum, wanted to maintain federal court jurisdiction over matters arising in bankruptcy proceedings.

Alternatively, it appears to us that the only jurisdictional grant that was deemed non-severable in *Marathon* was that given to the Article I bankruptcy courts. The two concurring justices noted that "This grant of authority is not readily severable from the remaining grant of authority to *bankruptcy courts." Marathon, id.* at ——, 102 S.Ct. at 2882. In considering the entire structure of the Bankruptcy Reform Act of 1978, it appears to us that the power conferred by 28 U.S.C. § 1471(a) and (b) was arguably not affected by the *Marathon* decision. We recognize, however, that Congress did not want federal district courts to permanently exercise the jurisdictional power found in such provisions as present § 1334 of Title 28. *See, Marathon, id.* at ——, n. 40, 102 S.Ct. at 2880, n. 40. The district courts are vested at least until 1984 with jurisdiction over bankruptcy matters. The rule that Stouffer now challenges was promulgated in complete accord with the inherent power of an Article III federal district court to dispose of judicial matters that come before it. This interim rule provides that the district courts may delegate many of the duties they must perform under their bankruptcy power to bankruptcy judges. The authority for this is found in § 105 of the Bankruptcy Reform Act of 1978 (11 U.S.C. § 105), which gives courts of bankruptcy the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and in Bankruptcy Rule 927, which gives bankruptcy courts the power to adopt "rules governing practice and procedure under the Act." This delegation of power is consistent with the long tradition established by Congress of a bankruptcy court consisting of two judicial officers and the clear intent of the Congress to continue a two-officer court of bankruptcy through 1984.

Accordingly, we hold that the Emergency Rule adopted by the United States District Court for the Eastern District of Michigan pursuant to a resolution of the Sixth Circuit Judicial Council is constitutional and valid. A more detailed analysis responding to all of appellant's contentions will be forthcoming in a Memorandum Opinion from this court.

NOW, THEREFORE, IT IS ORDERED that appellant Stouffer's motion challeng-

ing the Interim Rule be and the same hereby is DISMISSED;

IT IS FURTHER ORDERED that appellant's motion for a stay of bankruptcy proceedings be and the same hereby is DENIED.