In the Matter of UNITED GROCERS CORPORATION, Debtor.

OFFICIAL CREDITORS COMMITTEE OF UNITED GROCERS CORPORATION, Plaintiff,

v.

QUICK CHEK FOODSTORES, INC., Carlton Durling, Stanley L. Bartels, Laventhol and Horwath, C.P.A. and George R. Matash, Defendants.

Bankruptcy No. 82–1513.

United States Bankruptcy Court, D. New Jersey.

April 20, 1983.

Lehman & Wasserman by Steven Jurista, Millburn, N.J., for debtor.

Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney by Ronald M. Sturtz, Newark, N.J., for Laventhol & Horwath.

Teich, Groh, Robinson, Kline & Frost by Barry M. Frost, Trenton, N.J., for plaintiff.

Wolff & Samson by William S. Katchen, Roseland, N.J., for Quick Chek Foodstores, Inc. and Carlton Durling.

Robert Saul Molnar, Millburn, N.J., for George R. Matash.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

This matter concerns two motions challenging the jurisdiction of the bankruptcy court. The relevant procedural history is as follows:

In March of 1981, United Grocers Corporation (debtor) filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101 et seq. On December 14, 1982, the Official Creditors Committee (Committee) of the debtor filed suit in this Court asserting jurisdiction pursuant to 28 U.S.C. § 1471. The complaint alleges that defendants Quick Chek Foodstores, Inc. (Quick Chek), Carlton Durling, president of Quick Chek, and Stanley Bartels, president of the debtor, are liable for the unsecured debts incurred by the debtor because of their alleged fraudulent representations to creditors of the debtor. In addition, the Committee seeks to recover $100,000 from Quick Chek, Durling and Bartels, alleging a fraudulent or preferential transfer pursuant to § 547 and § 548 of the Bankruptcy Code. The complaint additionally asserts a claim against the accounting firm of Laventhol & Horwath (Laventhol) for negligently certifying financial statements of the debtor.

Defendants Quick Chek, Durling and Laventhol have filed motions to dismiss on the ground that this Court lacks subject matter jurisdiction.[1] In support of their motions, the movants rely on *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (Marathon), in which the Supreme Court ruled that the broad grant of jurisdiction in § 241[a] of the Bankruptcy Reform Act of 1978, 28 U.S.C. § 1471, is unconstitutional in that it vests Art. III judicial power in bankruptcy judges who do not enjoy the Art. III guarantees of life tenure and irreducible compensation.[2]

Though *Marathon* was handed down on June 28, 1982, the Court stayed its judgment until October 4, 1982, to "afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the Bankruptcy laws." *Marathon, supra* at 2880. The stay was subsequently extended until December 24, 1982, —— U.S. ——, 103 S.Ct. 199, 74 L.Ed.2d 160 (1982). During that extension period, Congress failed to act. The Supreme Court refused to extend the stay any further. —— U.S. ——, 103 S.Ct. 662, 74 L.Ed.2d 942 (1982).

Since the expiration of the stay, this Court has been operating pursuant to Rule 47 of the General Rules of the United States District Court for the District of New Jersey. Rule 47 was promulgated in response to *Marathon* to provide a stopgap jurisdictional scheme for bankruptcy cases and proceedings pending Congressional enactment of remedial legislation, or until April 1, 1984, whichever first occurs. It now appears that all district courts in all federal circuits have adopted rules substantially similar to the rule here considered.

---

1. Other grounds for dismissal have been raised by the defendants. Since jurisdiction is the threshold issue, arguments on the other issues were postponed pending the outcome of the jurisdictional dispute.

2. Although 28 U.S.C. § 1471 was not to become effective until April 1, 1984, *see* Pub.L. 95–598, Title IV, § 402[b], 92 Stat. 2682, its jurisdictional scheme was made applicable to the courts of bankruptcy until the effective date. *See* Pub.L. 95–598, Title IV, § 405, 92 Stat. 2685.

Under Rule 47 "all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11" are referred from the district courts to bankruptcy judges within the district. R. 47[B][1]. The reference can be withdrawn in whole or in part by the district court on its own initiative or on motion by a party. R. 47[B][2].

The Rule further provides that orders and judgments of bankruptcy judges "in civil proceedings arising in or under Title 11" become effective upon entry by the clerk. R. 47[C]. Orders and judgments issued in "civil proceedings related to cases under Title 11" or "wherever otherwise constitutionally required," and "judgments as defined in Rule 54[a] of the Federal Rules of Civil Procedure, which would be appealable if rendered by a district judge and which do not result from a stipulation among the parties, shall not be effective and shall not be entered until the judgment has been signed by a district judge." R. 47[C][3]. Rule 47[C][5][B] provides that district courts shall review orders and judgments of bankruptcy judges under a de novo standard of review.

In sum, the validity of Rule 47, and its counterparts in other districts, is premised on the understanding that, notwithstanding *Marathon,* district courts are vested with the jurisdiction conferred by § 241[a] of the Bankruptcy Reform Act of 1978, 28 U.S.C. § 1471[a]–[b], and that by referral, bankruptcy judges, except for limitations in proceedings "related to" Title 11 cases, can continue to exercise the powers granted by the Reform Act in 28 U.S.C. § 1471[c].

In challenging the grant of authority under Rule 47, the movants contend that until *Congress* cures the defects of § 241[a], bankruptcy judges have no authority to act.

Since the judgment in *Marathon* became effective on December 24, 1982, several United States Courts of Appeals and District Courts have concluded that bankruptcy judges can continue to exercise jurisdiction under their local rule. *See In the Matter of Hansen,* 702 F.2d 728 (8th Cir. 1983) (per curiam); *In re Matter of Braniff*

*Airways, Inc.,* 700 F.2d 214 (5th Cir.1983) (per curiam), *aff'g, In re Braniff Airways, Inc.,* 27 B.R. 231 (D.C.N.D.Tex.1983); *In re Color Craft Press Ltd.,* 27 B.R. 962 (D.Utah 1983); *In the Matter of Northland Point Partners,* 26 B.R. 860 (D.C.E.D. Mich.1983). *But see In re Matlock Trailer Corp.,* 27 B.R. 318 (M.D.Tenn.1983); *In re Color Craft Press Ltd.,* 27 B.R. 392 (Bkrtcy.D.Utah 1983), *rev'd, In re Color Craft Press Ltd.,* 27 B.R. 962 (D.Utah 1983); *In re Richardson,* 27 B.R. 407 (Bkrtcy.D.Utah 1983); *In re Jorges Carpet Mills, Inc.,* 27 B.R. 333 (Bkrtcy.E.D. Tenn.1983); V. Countryman, *Emergency Rule Compounds Emergency,* 57 Am.Bankr. L.J. 1 (Winter 1983).

The circuit court decisions upholding the validity of bankruptcy court jurisdiction under local district court rules are brief, relying to a great extent on the rationales set forth by the district courts in *Braniff, supra,* and *Northland Point Partners, supra.*

The district court in *In re Braniff, supra,* explained that, though *Marathon* eliminated the jurisdictional grant to bankruptcy judges in 28 U.S.C. § 1471, it left intact the jurisdictional grant to district courts in § 1471[a]–[b]. The *Braniff* court further held that district courts could assert jurisdiction over bankruptcy cases and proceedings pursuant to 28 U.S.C. § 1334, which provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy.

Section 1334 was also relied on as the source of district court jurisdiction in *In the Matter of Northland Point Partners, supra.* Having found a basis for exercising their own jurisdiction, the courts in *Braniff* and *Northland* proceeded to uphold the authority of district courts to enact local rules delegating bankruptcy jurisdiction to bankruptcy judges.

■ This Court rejects the contention that *Marathon* left § 1471[a]–[b] intact, nor does it agree that § 1334 confers jurisdic-

tion on the district courts. It should be noted that the plaintiff does not argue, nor do the *Braniff* and *Northland* decisions suggest, that *Marathon* merely struck down as unconstitutional the portion of § 1471[c] dealing with "proceedings related to cases under Title 11", leaving bankruptcy judges with power, independent of that purportedly granted by Rule 47, to issue orders and judgments in all other bankruptcy proceedings.

Although the Supreme Court suggests that non-Art. III judges may, in some instances, exercise Art. III judicial power, the plurality and concurring opinions expressly refused to sever the unconstitutional excess jurisdictional grant from the permissible jurisdictional grant. Justice Brennan, writing for the plurality, states:

> It is clear that, at the least, the new bankruptcy judges cannot constitutionally be vested with jurisdiction to decide this state-law contract claim against Marathon. As part of a comprehensive restructuring of the bankruptcy laws, Congress has vested jurisdiction over this and all matters related to cases under title 11 in a single non-Art. III court, and has done so pursuant to a single statutory grant of jurisdiction. In these circumstances we cannot conclude that if Congress were aware that the grant of jurisdiction could not constitutionally encompass this and similar claims, it would simply remove the jurisdiction of the bankruptcy court over these matters, leaving the jurisdictional provision and adjudicatory structure intact with respect to other types of claims, and thus subject to Art. III constitutional challenge on a claim-by-claim basis.

*Marathon, supra,* 102 S.Ct. at 2880 n. 40.

Justices Rehnquist and O'Connor concurred in the judgment of the plurality precisely because the unconstitutional "grant of authority is not readily severable from the remaining grant of authority to Bankruptcy Courts under § 241[a]...." *Id.* at 2882.

Thus, if *Marathon* provides a definitive answer for any question, it is that the juris-

dictional grant to bankruptcy judges in § 1471[c] is not severable and invalid in full.

Furthermore, assuming arguendo that district courts have jurisdiction, this Court would be hesitant to conclude that district courts have the authority to parcel it to bankruptcy judges by a rule.

Section 1471[a]–[c] of Title 28 of the United States Code provides:

> [a] Except as provided in subsection [b] ... the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> [b] Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

> [c] The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

Rather than singling out § 1471[c] as the unconstitutional grant, the *Marathon* court struck down § 1471 in its entirety. The plurality recognizes that "the ultimate repository of the Act's broad jurisdictional grant is the bankruptcy courts," *Marathon, supra* at 2862 n. 3, and that the "bankruptcy courts created by the Act exercise jurisdiction behind the facade of a grant to the district courts ..." *Id.* at 2879.

Unwilling to recognize the grant of jurisdiction to the district courts, the plurality states:

> We conclude that § 241[a] of the Bankruptcy Act of 1978 has impermissibly removed most, if not all, of "the essential attributes of the judicial power" from the Art. III district court, and has vested those attributes in a non-Art. III adjunct. Such a grant of jurisdiction cannot be sustained as an exercise of Congress'

power to create adjuncts to Art. III courts.

*Id.* at 2879–80.

Further support against the theory of severance is found in footnote 40, wherein the plurality, refusing to channel bankruptcy cases to the district courts, states:

> We think that it is for Congress to determine the proper manner of restructuring the Bankruptcy Act of 1978 to conform to the requirements of Art. III, in a way that will best effectuate the legislative purpose.

*Id.* at 2880 n. 40.

Having concluded that *Marathon* struck down § 1471 in its entirety, it becomes necessary to determine whether 28 U.S.C. § 1334 provides district courts with jurisdiction over bankruptcy cases and proceedings. Section 1334, in effect for many years prior to the passage of the Bankruptcy Reform Act of 1978, together with the jurisdictional provisions contained in the Bankruptcy Act of 1898, as amended, formed the jurisdictional foundation for bankruptcy cases filed prior to October 1, 1979 (the effective date of Title 11 of the Bankruptcy Reform Act of 1978).

Although § 1334 was not expressly repealed by the Reform Act, it is the opinion of this Court that § 1471 implicitly repealed § 1334.[3] As noted in *Collier,* "Section 1471[a] performs the functions of old 28 U.S.C. § 1334 . . ." 1 *Collier on Bankruptcy* ¶ 3.01 p. 3–37 (15th ed. 1982).

More significantly, the Senate Report accompanying S. 2266, a bill containing a jurisdictional provision, in great part identical to that eventually adopted, describes § 1471 as follows:

> This section amends 28 U.S.C. 1334 relating to the jurisdiction of the U.S. district courts over bankruptcy proceedings. In deference to concern over the splintering of the jurisdiction of the district courts,

original and exclusive jurisdiction of all bankruptcy cases shall remain in the district court, and the jurisdiction of the district courts over bankruptcy matters is expanded to include all controversies arising out of or related to a case under title 11. However, a statutory scheme has been adopted whereby the totality of this jurisdiction, subject only to the exceptions set forth in subsection [d] of this section, shall be exercised by the bankruptcy court, which is created as an adjunct of each U.S. district court.

It is undisputed that Congress drafted § 1471 for the purpose of placing all original jurisdiction over bankruptcy cases in one court. *See Marathon, supra* at 2880 n. 40 (citing H.R.Rep. No. 95–595, 95th Cong. 1 Sess. pp. 43–48 (1977); S.Rep. No. 95–989 p. 17 (1978), U.S.Code Cong. & Admin. News, p. 5787. *See generally,* 1 *Collier, supra* Chapter 2–3 (comparative analysis of old and new adjudicatory and jurisdictional structure of bankruptcy courts). If § 1334 remained a separate source of jurisdiction after the jurisdictional grant of § 1471 became operative on October 1, 1979, persons seeking relief under the bankruptcy laws could have opted to proceed with bankruptcy matters in either U.S. district or bankruptcy courts. The legislative history of the Bankruptcy Reform Act and § 1471 itself clearly demonstrate that Congress did not intend to create such a bifurcated jurisdictional structure.

In sum, the Court concludes that *Marathon* struck down the jurisdiction of both the bankruptcy and district courts granted in § 1471, and that no other statute vests district courts with bankruptcy jurisdiction. Thus, it follows that the purported referral of bankruptcy jurisdiction from district courts to bankruptcy judges, pursuant to Rule 47, is ineffective.

---

**3.** Section 238 of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, Title II, § 238, 92 Stat. 2667–68, dealing solely with appeals to district courts from final judgments, orders and decrees of bankruptcy courts, amends 28 U.S.C. § 1334 effective April 1, 1984. However,

§ 405[c] of the Reform Act, Pub.L. 95–598, Title IV, § 405[c][2], 92 Stat. 2685, provides that, until April 1, 1984, the appellate jurisdiction of district courts is the same as the jurisdiction under § 238 of the Act.

■ Assuming arguendo that district court jurisdiction over bankruptcy matters survived *Marathon,* this Court is of the opinion that Rule 47 violates the separation of powers doctrine embodied in Articles I–III of the United States Constitution in that district courts have no statutory or constitutional authority to promulgate such a rule. *See* V. Countryman, *supra* at 7 ("What a majority of the Supreme Court left to Congress to do cannot be done by a dissenting opinion, the Administrative Office, the Judicial Conference or a district court rule."); *Id.* at 9–12.

The directives of the Supreme Court in *Marathon* suggest that the delegation of jurisdiction is strictly a legislative function. It appears advisable to again refer to footnote 40 of the plurality opinion, wherein the Supreme Court, following its refusal to accept the arguments that bankruptcy courts could continue to exercise jurisdiction over some matters or that district courts retained jurisdiction, stated:

> We think that it is for Congress to determine the proper manner of restructuring the Bankruptcy Act of 1978 to conform to the requirements of Art. III, in a way that will best effectuate the legislative purpose.

*Marathon, supra* at 2880 n. 40.

Similarly, the Court stayed its judgment on two occasions to "afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." *Id.* at 2880. Presumably, a stay would have been unnecessary if the district courts could solve the jurisdictional deficiency pending appropriate legislative enactment.

The Court recognizes that upholding the district court's power to enact Rule 47 would be practical and expedient. However, as Justice Brandeis explained in *Myers v. United States,* 272 U.S. 52, 293, 47 S.Ct. 21, 85, 71 L.Ed. 160 (1926) (Brandeis, J., dissenting):

> The doctrine of the separation of powers was adopted by the Convention of 1787, not to promote efficiency but to preclude the exercise of arbitrary power. The purpose was, not to avoid friction, but, by means of the inevitable friction incident to the distribution of the governmental powers among three departments, to save the people from autocracy.

*See also, Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 613, 72 S.Ct. 863, 898, 96 L.Ed. 1153 (1952) (Frankfurter, J., concurring); *Id.* at 629, 72 S.Ct. at 886 (Douglas, J., concurring).

In accordance with the ruling that this Court is without jurisdiction, the Committee's complaint must be and is dismissed. However, in light of the implications of this ruling, the judgment of dismissal is stayed and certified to the district court for review under sections [C][2] and [C][5][A](ii) of Rule 47.

Submit an order in accordance with the above.