**CRADLE OF DEMOCRACY
BROADCASTING CO.,
Debtor and Plaintiff,**

v.

**DAVID GREEN BROADCAST CON-
SULTANTS CORP., Defendant
and Third-Party Plaintiff,**

v.

**SWAGER TOWER CORPORATION, De-
fendant and Third-Party Defendant.**

**C.A. Misc. No. 83–13–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 6, 1983.

Oldric J. LaBell, Jr., Newport News, Va., for debtor and plaintiff.

Stephen C. Price, Perkins, Price & Zimmerman, Leesburg, Va., for David Green.

Charles M. Lollar, Willcox, Savage, Dickson, Hollis & Eley, Norfolk, Va., for Swager.

OPINION AND ORDER

DOUMAR, District Judge.

Plaintiff, Cradle of Democracy Broadcasting Company, initiated this breach of warranty and negligence action after filing a petition for reorganization pursuant to Chapter 11. The case is presently before the Court on motion of the defendants, David Green Broadcast Consultants Corp. (David Green) and Swager Tower Corporation, to dismiss for lack of subject matter jurisdiction. Specifically, the defendants contend that the decision of the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) divests a district court of jurisdiction to entertain a bankrupt's suit against a third party where the suit is only peripheral to the bankruptcy proceeding. According to the defendants, *Northern Pipeline* invalidated all of the authority Congress granted to the bankruptcy and district courts in enacting § 241(a) of the Bankruptcy Reform Act of 1978, 28 U.S.C.

§ 1471, thereby requiring that all plenary matters be heard in state courts.

The present controversy arises out of a contract entered into on September 9, 1979 between plaintiff and the defendant David Green for the sale of a transmission cable. The cable was installed by defendant Swager Tower. After filing for reorganization under Chapter 11, plaintiff complained that the cable did not perform as warranted and that it was negligently installed. On January 6, 1983, Cradle of Democracy brought suit against the defendants in the Bankruptcy Court for the Eastern District of Virginia. On February 11, 1983, David Green filed a cross claim against Swager Tower, alleging that any negligence was attributable to Swager's installation.

After defendant David Green demanded trial by jury, the Bankruptcy Court certified the action for trial before this Court pursuant to the emergency rule enacted by the Judicial Council of the United States Court of Appeals for the Fourth Circuit. Both defendants have since motioned for dismissal, contending that the decision in *Northern Pipeline* prevents even a United States District Court from hearing a suit of this type. For the reasons discussed herein, the defendants' motion is DENIED.

■ The proper starting point for analyzing the scope of a district court's jurisdiction is the statute conferring such jurisdiction. It is a fundamental maxim of constitutional law that federal courts are courts of limited jurisdiction. *C. Wright, Law of Federal Courts* § 7, at 17 (1976). All power exercisable by a district court must derive from an act of Congress promulgated pursuant to the Constitution, and the burden of showing that jurisdiction lies is upon the party seeking to avail itself of the power of the federal court. *Fairfax Countywide Citizen's Ass'n. v. Fairfax County,* 571 F.2d 1299 (4th Cir.), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); *Wright, supra.*

■ The relevant statute in the instant case is § 241(a) of the Bankruptcy Reform Act of 1978, 28 U.S.C. § 1471. In drastically reforming the substantive and procedural law of bankruptcy, Congress sought to grant broad authority to the bankruptcy courts. *See generally* 1 *Collier on Bankruptcy,* ¶ 3.01 at 3–30 *et seq.* (15th Ed.1983) (discussing legislative history of Bankruptcy Reform Act). The statute at first vests this broad power in the district courts, declaring that such courts shall have "... original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1471(b). The subsection makes no distinction between "summary" and "plenary" matters, and was intended to eliminate any "... doubt as to the scope of the bankruptcy court's jurisdiction." *Collier on Bankruptcy, supra* at 3–41, *quoting* H.R.Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6401. Prior to adoption of the Act, a bankruptcy court generally had jurisdiction over matters where the property in dispute was in the hands of the trustee (summary matters). The bankruptcy court had jurisdiction over suits involving property in the hands of a third party (plenary matters) only if there was consent. *Collier on Bankruptcy, supra* at 3–26.

After purporting to grant such broad authority to the district courts in subsection (b), the statute then declares that the bankruptcy courts "... shall exercise all of the jurisdiction conferred by this section on the district courts." 28 U.S.C. § 1471(c); *see Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 102 S.Ct. at 2862 n. 3 (ultimate repository of broad power is the bankruptcy court). "Thus, jurisdiction [would] exist in the bankruptcy court to hear any matter which is related to or in any way connected with the title 11 case." *Collier on Bankruptcy, supra* at 3–47. Under the Bankruptcy Reform Act, therefore, the bankruptcy court would undoubtedly have power to entertain the present warranty and negligence actions brought by the debtor in bankruptcy against a third party.

Congress' broad grant of authority to a court which enjoyed none of the protective attributes of an Article III judge prompted the Supreme Court, in a plurality opinion, to declare § 241(a) of the 1978 Bankruptcy Reform Act unconstitutional. *Northern*

*Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Vesting all the elements of judicial power in a non-Article III court, the plurality reasoned "cannot be sustained as an exercise of Congress' power to create adjuncts to Art. III courts." 102 S.Ct. at 2880.

In the wake of *Northern Pipeline* and subsequent congressional inaction, dispute has arisen over the extent of the Supreme Court's holding. There can be no dispute that the plurality was of the opinion that the two-step structure of the Act was a mere facade, and therefore the entire grant of authority is invalid. Controversy exists, however, as to the proper interpretation of the concurring opinion of Justices Rehnquist and O'Connor. Plaintiff argues that the concurrence agreed with the plurality only to the extent that the opinion held invalid the grant of jurisdiction to the bankruptcy courts under the Act. Accordingly, plaintiff's position is that *Northern Pipeline* did not hold that the grant of authority to the district courts was impermissible. The defendants interpret the concurrence differently. They argue that, despite the disagreement the concurring justices had with the majority's reasoning, they agreed that it was for Congress to decide whether plenary matters of this type are to be routed back to the district courts.

The precise issue presently in dispute was raised before the Eighth Circuit Court of Appeals in *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254, 10 B.C.D. 392 (1983). After concluding that the plurality opinion in *Northern Pipeline* found the entire grant of jurisdiction violative of Article III, the court ruled that the concurrence limited this holding by confining its agreement to that part of the majority's reasoning which pertained to the jurisdiction of the bankruptcy courts. *Id.* at 397. The *White Motor* court noted that "the concurrence never even mentions the district courts." *Id.* The court concluded that 28 U.S.C. §§ 1471(a) and (b) were left intact following *Northern Pipeline. Id.; see also The First Nat'l Bank of Tekameh v. Hansen,* 702 F.2d 728, 10 B.C.D. 280 (8th Cir.1983)

(*Northern Pipeline* did not invalidate §§ 1471(a) and (b)).

The *White Motor* court found a second independent congressional grant of authority in 28 U.S.C. § 1334. Predating passage of the 1978 Bankruptcy Reform Act, § 1334 grants to the district courts original and exclusive jurisdiction over all matters and proceedings in bankruptcy. Although the 1978 Act repealed this section, the repeal is not to take full effect until April 1, 1984. The eighth circuit court found that Congress delayed the repeal of § 1334 to provide jurisdiction in the event a constitutional challenge to the Act arose. 10 B.C.D. at 398; *see also The First Nat'l Bank of Tekameh v. Hansen,* 10 B.C.D. at 280 (§ 1334 provides ample jurisdiction after *Northern Pipeline*).

The defendants cite a number of bankruptcy court opinions which have reached the opposite result. *E.g., Matter of United Grocers Corp.,* 29 B.R. 309, 312 (Bkrtcy.D.N.J.1983); *In re Conley,* 26 B.R. 885, 891 (Bkrtcy.M.D.Tenn.1983). The Court, however, agrees with and adopts the reasoning of the sixth circuit in *White Motor.* The Court also agrees that the proper disposition of this motion involves interpreting the language of the concurring justices in *Northern Pipeline.*

Justice Rehnquist, joined by Justice O'Connor, carefully limited his discussion to the jurisdiction of the district courts. The concurrence objected to framing the issue presented so broadly so as to force the Court to rule on the constitutionality of the entire grant of authority to the bankruptcy judges. The Court does not find that the same justices who were reluctant to agree that the entire jurisdiction of the bankruptcy courts was at issue were of the opinion that the district courts also did not have jurisdiction over the same matter.

The defendants seek to establish a nexus between the jurisdiction of the district courts and the language of the concurring justices by noting a reference to footnote 40 of the plurality opinion in the concurrence. 102 S.Ct. at 2882. In footnote 40, the plurality explains why the grant of authority

to the bankruptcy court is not severable, and why the present suit should not be routed to the district court for decision. 102 S.Ct. at 2880 n. 40. In stating their reasons for concurring in the judgment, Justices Rehnquist and O'Connor explained that they too believed that the grant of authority to hear the present dispute was not severable from the remaining grant of authority *to the bankruptcy courts,* and cited footnote 40 in support. 102 S.Ct. at 2882. The concurrence, therefore, cited footnote 40 only for the proposition that the grant of authority *to the bankruptcy courts* was not severable. The Court finds that the concurring justices were not seeking to support the broader proposition that the district courts also do not have jurisdiction when the jurisdiction of the district courts was not even mentioned in the opinion. Moreover, Justices Rehnquist and O'Connor criticized the plurality for deciding more in its opinion than was necessary. 102 S.Ct. at 2881.

In simple terms, this Court finds that the Supreme Court in *Northern Pipeline* did not invalidate the authority of a district court to hear a suit brought by a bankrupt which is peripheral to the bankruptcy proceeding. For the foregoing reasons, the defendants' motion is DENIED.

IT IS SO ORDERED.