**STEYHR DAIMLER PUCH OF AMERICA CORP., Plaintiff,**

v.

**James J. PAPPAS and American Hawk, U.S.A., Inc., Defendants and Third Party Plaintiffs,**

v.

**Tavia GORDON, Daniel Gordon, and Allen J. Gordon, Third Party Defendants and Counterclaimants,**

v.

**James J. PAPPAS and American Hawk, U.S.A., Inc., Third Party Defendants.**

Civ. A. No. 83–283–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 10, 1983.

Lawrence H. Glanzer, Steingold & Glanzer, Norfolk, Va., for plaintiff.

Robert R. MacMillan, Michael T. Zugelder, Breeden, Howard & MacMillan, Norfolk, Va., for defendants and third party plaintiffs.

## ORDER

DOUMAR, District Judge.

The plaintiff, Steyhr Daimler Puch of America Corp. (hereinafter "SDPA"), is a Delaware corporation with a principal place of business in New Jersey. On July 17, 1981, SDPA obtained a default judgment in the Circuit Court of the City of Virginia Beach, Virginia, against American Hawk Enterprises, Ltd. (hereinafter "Enterprises"), a Virginia corporation. The judgment was in the amount of $258,686.82 and allegedly arose out of the delivery of goods for which Enterprises did not pay. On October 28, 1981, Enterprises filed a voluntary petition in bankruptcy. Although SDPA filed a proof of claim, it now appears that the trustee in bankruptcy has few assets for distribution to the creditors of Enterprises.

SDPA commenced this diversity action against James J. Pappas (Pappas) and American Hawk, U.S.A., Inc. (hereinafter "Hawk U.S.A."), claiming that both corporations, Enterprises and Hawk U.S.A., are the alter ego and the instrumentalities of Pappas and of each other.

Pappas and Hawk U.S.A. filed a counterclaim alleging fraud by SDPA in obtaining the judgment against Enterprises and further claimed breach of contract and fraudulent trade practices by SDPA against Enterprises. The defendants contend that if

the corporate veil of the bankrupt corporation is swept aside and they are held liable to the plaintiffs, then, in equity, they should receive the benefits of any claim for breach of contract or fraudulent trade practice committed by the plaintiff against the bankrupt unveiled corporation.

SDPA has filed a motion to dismiss the counterclaim on the grounds that (1) the defendants lack standing to assert the counterclaim, and (2) fraud was not alleged with particularity. Hawk U.S.A. and Pappas counter that the trustee in bankruptcy for Enterprises is a necessary party or that the Court estop the plaintiff from asserting the defendants' lack of standing on the counterclaim.

For the reasons set forth below, the plaintiff's motion is DENIED at this time. The trustee in bankruptcy will be added as a party and the matter referred to the Bankruptcy Court in accordance with Order No. 3 of the Judicial Council of the United States Court of Appeals for the Fourth Circuit, dated December 29, 1982. Moreover, under the general chancery jurisdiction, this matter is referred to the Bankruptcy Judge, Hal J. Bonney, Jr., as special master to hear the evidence and make recommendations to this Court as to the issues presented by the pleadings in this matter.

## I.

According to SDPA, the claims asserted by the defendants belonged to Enterprises and existed prior to the filing of the petition in bankruptcy by Enterprises, and upon filing by Enterprises in bankruptcy became property of the bankrupt estate. *See* 11 U.S.C. § 541(a)(1) (estate is comprised of all legal or equitable interests owned by bankrupt as of commencement of the case); *see also* 4 *Collier on Bankruptcy,* ¶ 541.10, at 541–58 (15th ed. 1983) (estate under § 541(a) includes all causes of action owned by debtor at time of filing). The plaintiff asserts that it is the duty of the trustee, not the defendants in this suit, to collect such assets of the estate.

In reply, the defendants argue that it is unfair for the plaintiff to assert that Enterprises was a sham for purposes of the complaint while contending that it has an existence for purposes of the counterclaim. If they are to be held liable for the actions of Enterprises, the defendants argue, they must be able to assert any claims Enterprises could have used against SDPA. Accordingly, the defendants seek to have the trustee in bankruptcy joined as a party to this suit. Fed.R.Civ.P. 19.

Under Rule 19, the first inquiry is whether the trustee is a party who should be joined if feasible under subdivision (a). *Challenge Homes v. Greater Naples Care Center,* 669 F.2d 667, 669 (11th Cir.1982). Rule 19(a) provides in relevant part:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

The inquiry is a practical one which demands flexibility. *Provident Trademens B & T Co. v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968); *Coastal Modular Corp. v. Laminators, Inc.,* 635 F.2d 1102, 1108 (4th Cir.1980). "Under the present rule, pragmatic concerns, especially the effect on the parties and on the litigation, control a court's decision on joinder." *Smith v. State Farm Fire and Cas. Co.,* 633 F.2d 401, 405 (5th Cir.1980). In the final analysis, joinder is addressed to the sound discretion of the court. *Coastal Modular,* 635 F.2d at 1108.

The defendants persuasively contend that they are helpless in their efforts to defeat the plaintiff's claim unless they may raise counterclaims Enterprises could assert if it was a party. In essence, the plaintiff seeks

to strip the defendants of all defenses and claims by simply arguing that they lack standing, while claiming at the same time that the entity which would have standing is in fact a non-entity. The court perceives an inherent unfairness in this argument.

The Court itself notes that the plaintiff seeks recovery on a theory which is essentially equitable. The doctrine of piercing the corporate veil "is founded in equity and is applied only when the facts warrant its application to prevent an injustice." *Aetna Cas. & Surety Co. v. Stover*, 327 F.2d 288, 291 (8th Cir.1964). *See In re County Green Ltd. Partnership*, 604 F.2d 289, 292 (4th Cir.1979) (equity will not hesitate to disregard corporate veil when justice requires). Thus, this case will be treated as if it were a chancery case and equitable principles applied. This will not be treated as an action at law. Principles of equity require that justice is done to all parties, and that this Court not hastily reach a result which is inequitable to one of the litigants. *Bollinger and Boyd Barage Service, Inc. v. M.V. Captain Claude Bass*, 576 F.2d 595, 598 (5th Cir.1978); *United States v. Systron-Donner Corp.*, 486 F.2d 249, 252 (9th Cir. 1973). The Court also notes that implicit in a determination that the defendants are the alter ego of the bankrupt would be a finding that the defendants have assets which are indistinguishable from those of the bankrupt or have assets which actually belong to the bankrupt. Examining subdivision (a)(1)–(2) of Rule 19, it appears that the Court may not be able to fashion full relief among the parties without the presence of the trustee. The foregoing considerations leave no doubt that the trustee, as representative of the bankrupt, should be joined if feasible.

## II.

Determining whether it is feasible to join the trustee raises issues which implicate the jurisdictional foundation of this suit. There is no problem in obtaining *in personam* jurisdiction. Both the trustee and the bankrupt are citizens of Virginia. Nor may venue be questioned. However, substantiating the Court's power to adjudicate the subject matter of this claim is more problematic. If complete diversity is lacking after joinder of an indispensable party pursuant to Rule 19, this federal court no longer would have authority to entertain this suit on that basis. *Jefferson v. Ametek, Inc.*, 86 F.R.D. 425 (D.Md.1980); *Rippey v. Denver United States Nat'l Bank*, 42 F.R.D. 316 (D.Colo.1967). The problem is not avoided by simply naming the trustee as a party defendant, because the court has a duty to look beyond the pleadings and align the joined party according to his real interest. *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959 (5th Cir.1973); *Mission Ins. Co. v. Mackey*, 340 F.Supp. 824 (W.D.Mo.1971).

Analyzing the present suit, the main claim is SDPA's claim alleging that the defendants are the alter ego of Enterprises, and therefore liable for the latter's debt. Since Enterprises, as an entity, is now replaced by a trustee in bankruptcy, it appears that the interests of the trustee are more closely aligned with the interests of the plaintiff. A determination that the defendants are the alter ego of Enterprises would be of benefit to the creditors of Enterprises, and the trustee would then have a duty to pursue the creditors' claims as the assets of the alter ego might become the assets of the bankrupt estate. On the other hand, the trustee has evidently had an opportunity to pursue the claim espoused by the defendants in their counterclaim and has declined. The trustee may be of the opinion that the defendant's claim against the plaintiff has little or no value. In considering this binary position, this Court finds the trustee is best aligned as a plaintiff, and diversity is thereby destroyed.

## III.

This Court need not inquire at this time whether the trustee is indeed indispensable within the meaning of Rule 19(b). Section 241(a) of the Bankruptcy Reform Act, 28 U.S.C. § 1471, saves this suit from possible dismissal. As an action "related to" a case under title 11, this suit is within the jurisdictional umbrella Congress granted the district courts in enacting § 241(a). It is true that the jurisdiction of the bank-

ruptcy courts is limited following the Supreme Court's decision in *Northern Pipeline Const. Co. v. Marathon Pipeline,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), but as this Court has previously held, *Northern Pipeline* did not invalidate the congressional grant of authority to the district courts. *Cradle of Democracy Broadcasting Co. v. David Green Broadcast Consultants Corp.,* 33 B.R. 1004 (D.C.E.D.Va. 1983). Thus, the sole question upon which jurisdiction hinges is whether this suit is "related to" a title 11 proceeding.

No clear test for determining whether a suit is "related to" a title 11 case has yet arisen. Collier suggests that "[t]he criterion to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have any effect upon the estate being administered. 1 *Collier on Bankruptcy* ¶ 3.01 at 3–49 (15th ed. 1983).

In *Matter of Bazan,* 6 B.R. 937 (Bkrtcy.N.D.Ill.1980), the district court had occasion to apply Collier's test. In that case, decided prior to *Northern Pipeline,* the bankruptcy judge was forced to decide whether it had jurisdiction over a suit between a creditor of the bankrupt and a third party. The subject of the suit was property the debtor had sold to the third party prior to filing for bankruptcy in violation of a security agreement with the creditor. The court assumed jurisdiction, finding that the outcome of the creditor's "efforts to recover the property in question could conceivably have an effect on the administration of the debtor's estate...." 6 B.R. at 941.

It is beyond peradventure that the outcome of the present suit will have an effect on the administration of the debtor's estate. Indeed, if the plaintiff prevails, the interest of every creditor of the bankrupt and the bankrupt itself will be altered. Conceivably, the outcome of this suit could render the bankrupt solvent.

The Court finds that the present suit is "related to" the bankruptcy proceeding within the meaning of 28 U.S.C. § 1471(b), and therefore this Court has the power to entertain this suit. Accordingly, there is no question that it is feasible to join the trus-

tee of the bankrupt Enterprises in this action.

## IV.

As a final point, the plaintiff seeks dismissal of the defendants' counterclaim on the alternative ground that it does not allege fraud with particularity as required by the federal rules.

Rule 9(b) carves an exception out of the general rule of notice pleading embraced by the Federal Rules of Civil Procedure. The rule states that when pleading fraud or mistake the complainant must state all the circumstances with particularity. In the past, this Court has cautioned against applying the strict pleading exception of Rule 9(b) so as to swallow the more encompassing notice pleading mandate underlying adoption of the Federal Rules.

> The enforcement of Rule 9(b) should not become a throwback to the Field Code or a tool to require plaintiffs repeatedly to redraft pleadings despite defendants' pre-existing full knowledge of the matters which plaintiffs' pleading addresses. Therefore, if under the circumstances of the case it is apparent that even though plaintiffs' pleadings are vague, the defendants do in fact have notice of the matters of which plaintiffs complain, a strict application of Rule 9(b) can serve no purpose.

*Picture Lake Campground v. Holiday Inns, Inc.,* 497 F.Supp. 858, 866 (E.D.Va.1980). In the present case, the Court cannot say whether the plaintiff has a pre-existing knowledge of the alleged fraud. In fact, the Court is not satisfied that the counterclaim satisfies the more liberal standard of notice pleading.

Rather than dismiss the defendants' counterclaim at this time, the Court will grant the defendants fourteen (14) days from the date of this order in which to amend their counterclaim. In the amendment, defendants must state with particularity the facts and circumstances which constitute and connect SDPA with the alleged fraud. Moreover, the alleged facts

giving rise to any alleged breach of contract should be set forth more definitely.

It is ORDERED that the Trustee in Bankruptcy for the bankrupt American Hawk Enterprises, Ltd., be joined as a party plaintiff to this suit and a copy of this order shall be forwarded by the Clerk of this Court with a copy of the complaint to the trustee who shall file pleadings indicating his position with regard to the allegations within fourteen (14) days of receipt of this order and the complaint.

It is further ORDERED that the defendants shall have fourteen (14) days from the date of this order within which to amend their counterclaim in accordance herewith. A copy of such amendment shall be forwarded to the trustee and to the plaintiff, each of whom shall file their responsive pleadings with regard thereto within fourteen (14) days of receipt of same.

It is further ORDERED that the Clerk of this Court transmit this file after having complied with the above to the Clerk of the Bankruptcy Court who in the future will handle and file all papers until such time as the Bankruptcy Judge forwards his recommendations and findings to this Court.

It is further ORDERED pursuant to Order No. 3 of the Judicial Council of the United States Court of Appeals for the Fourth Circuit, adopted December 29, 1982, that this matter be referred to the Bankruptcy Court for its recommendations.

This matter being a chancery matter, it is further ORDERED under the general chancery jurisdiction of this Court, that this matter be referred to the Bankruptcy Judge, Hal J. Bonney, Jr., as special master to hear the evidence and make recommendations to this Court based on the evidence and the issues as presented in the pleadings in this matter.

IT IS SO ORDERED.