In re AMERICAN HAWK ENTERPRISES, LTD., and Charles L. Marcus, Trustee, Debtor.

and

STEYR DAIMLER PUCH OF AMERICA CORP., Plaintiffs,

v.

James J. PAPPAS and American Hawk, U.S.A., Inc., Defendants and Third-Party Plaintiffs,

v.

Tavia GORDON, Daniel Gordon, and Allen J. Gordon, Third-Party Defendants and Counterclaimants,

v.

James J. PAPPAS and American Hawk, U.S.A., Inc.

Civ. A. Nos. 83–283–N, 83–302–N. Bankruptcy No. 81–01639–N.

United States District Court, E.D. Virginia, Norfolk Division.

July 24, 1985.

Lawrence H. Glanzer, Steingold & Glanzer, Norfolk, Va., for plaintiffs.

Robert R. MacMillan, Breeden, Howard & MacMillan, Norfolk, Va., for defendants.

OPINION AND ORDER

DOUMAR, District Judge.

The Bankruptcy Court, sitting as special master, has recommended that the action brought by Steyr Daimler Puch of America

Corporation (Puch), as well as any claims of the trustee, be dismissed. Puch's complaint seeks recovery primarily on alter ego and "piercing the corporate veil" theories of liability against James J. Pappas (Pappas) and American Hawk, U.S.A. Inc. (Hawk U.S.A.), a separate corporation. Although there is a question of whether this matter is before the Court on appeal from a decision of the Bankruptcy Court or subject to *de novo* review, the Court will treat this matter *de novo*, which is the manner most favorable to the plaintiff, the allegedly aggrieved party.

The primary question presented for our *de novo* review is whether Puch is bound by a previous Bankruptcy Court order that approved the trustee's compromise and release of corporate mismanagement claims against the instant defendants, Hawk U.S.A. and James Pappas, its President. Although Puch concedes it was a creditor participating in the bankruptcy proceeding in question, it denies that the doctrine of res judicata applies and maintains that there was no release and satisfaction of its claims because: (1) the trustee in bankruptcy abandoned or never controlled the particular claims asserted here; and (2) the notice of the hearing sent by the trustee to the creditors failed to inform the creditors that the trustee's proposed compromise might include the granting of a general release.

The Court rejects these arguments for the reasons developed below, DISMISSES the action and AFFIRMS what it has treated as the summary judgment recommendations of the Bankruptcy Court. *See In re American Hawk Enterprises, Ltd.; Steyr Daimler Puch of America Corp. v. Pappas*, No. 84–302–N (Bankruptcy Case No. 81–01639–N) (Bankr.E.D.Va., March 26, 1984) (March recommendation); and *In re American Enterprises, Ltd.; Steyr Daimler Puch of America Corp. v. Pappas*, No. 83–283–N (Bankr. Case No. 81–01639–N) (Bankr.E.D.Va., October 23, 1984) (October recommendation).

Since the counterclaims and third party actions were contingent upon the primary claim, the Court DISMISSES each of the contingent counterclaims of the defendants against Puch as well as the third party claims. Further, for good cause shown, the Court GRANTS the motion for withdrawal of counsel by Joseph R. Mayes, who had represented Pappas and Hawk U.S.A.

## BACKGROUND

A partial recap of the history of this case is contained in this Court's order of November 10, 1983 (*Puch v. Pappas*, 35 B.R. 1001 (E.D.Va.1983) which: (1) referred this matter to the Bankruptcy Court for its findings and recommendations with respect to the defendants' motion to dismiss pending at that time; (2) ordered the trustee in bankruptcy joined as an essential party plaintiff; and (3) permitted the defendants to amend their counterclaim.

On July 17, 1981, the plaintiff Puch, a Delaware corporation, obtained a default judgment for $258,686.82 in the City of Virginia Beach Circuit Court, against American Hawk Enterprises, Ltd. (Enterprises), a Virginia corporation. The judgment allegedly arose out of an outstanding balance owed on a sale of goods by Puch to Enterprises. The validity of the judgment has been litigated in the Bankruptcy Court and resolved. Apparently American Hawk Enterprises, the bankrupt, and American Hawk U.S.A. are two related corporations in which Pappas owned a major interest. He is president of both corporations. The companies engage in the import and sale of goods largely to military installations. On October 28, 1981 Enterprises (but not Pappas or Hawk U.S.A.) voluntarily filed for relief in the United States Bankruptcy Court at Norfolk under Chapter 7 of the Bankruptcy Code (Case No. 81–01639–N). Fourteen claims were filed, including claim no. 6 which was filed by Puch on February 3, 1982 for $258,686.82.

In July of 1982 the trustee sought to include the instant defendants, Pappas and Hawk U.S.A., as debtors in the Enterprises' bankrupt estate. The trustee's motion sought to pierce the corporate veil of Enterprises, alleging that Pappas had treated

both corporations' assets as his own. The claims raised by the trustee in the bankruptcy proceedings are remarkably similar to the claims raised here by Puch. On February 7, 1983, the Bankruptcy Court denied the trustee's motion to pierce the corporate veil.

Not to be deterred, the trustee, on November 24, 1982, brought adversary bankruptcy actions against both Pappas (No. 82–0811–N) and Hawk U.S.A. (No. 82–0810) based on the corporate mismanagement and piercing the corporate veil theories. In these actions the trustee alleged that: (1) $64,600.85 in funds that Pappas or his other corporation received should have been treated as loans, and (2) that $58,583.30, representing management fees, should have been paid to the debtor corporation for the use of its offices and personnel. These adversary actions were certified to the U.S. District Court and on February 28, 1983 were set for jury trial on August 15, 1983.

Although the bankruptcy process was pending, Puch—Enterprises' single largest creditor—filed their diversity-based complaint in District Court on April 15, 1983 naming Pappas and Hawk U.S.A. as defendants. Counts I and II basically allege that Enterprises and Hawk U.S.A. were "alter egos" of Pappas; Count III claims that any transfers of assets were fraudulent conveyances under Virginia law, and Count IV alleges Pappas breached his fiduciary duties to both corporations. Pappas and Hawk U.S.A. answered and counterclaimed after their motion to dismiss was denied by the District Court on August 5, 1983. Additionally, the defendants filed third-party complaints against Tavia Gordon, Daniel Gordon and Allen Gordon, who answered and filed counterclaims.

In the original pending Enterprises bankruptcy matter, the trustee proposed to compromise and settle the outstanding adversary actions which had been set for trial on August 15, 1983. Accordingly, on August 1, 1983, the trustee mailed a notice of a hearing to all creditors. As a claim-filing creditor of Enterprises, Puch's counsel received the notice below which stated in its entirety:

## UNITED STATES BANKRUPTCY COURT

### FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

Case Number 81–01639–N

AMERICAN HAWK ENTERPRISES, LTD., Debtor.

### NOTICE TO CREDITORS

NOTICE IS HEREBY GIVEN that on Friday, August 12, 1983, at 4:00 P.M., in the U.S. Bankruptcy Court Room, Norfolk, Virginia, the Trustee will move the Court for approval of a proposed compromise and settlement of certain litigation on behalf of the debtor, to-wit:

The Trustee has instituted actions on behalf of the debtor corporation against its former president, James E. Pappas, for the sum of $64,600.85 representing funds paid to him or on his behalf by the corporation which should be treated as loans, and against a sister corporation, American Hawk U.S.A., Inc., for the sum of $58,583.30 representing management fees which should have been paid to the debtor for the use of its offices and personnel. Both defendants have denied the allegations of these actions, and have contended that the sums claimed fail to recognize certain transactions between the parties and are the result of incorrect accounting procedures utilized by the debtor's bookkeeper. In compromise of the foregoing claims, the defendants have offered the total sum of $20,000.00, acceptance of which is recommended by the Trustee and his counsel.

DATED and mailed at Norfolk, Virginia on August 1, 1983.

CHARLES L. MARCUS, TRUSTEE

By /s/ Vann H. Lefcoe

Of Counsel

Vann H. Lefcoe
Attorney for the Trustee
Post Office Box 1137
Portsmouth, Virginia 23705

Puch's counsel *did not* attend the bankruptcy hearing regarding the referenced proposed settlement. At the hearing, other creditors and the trustee were present. The Bankruptcy Judge received evidence on the facts and terms of the settlement and approved the entry of a general release. *See* Transcript of August 12, 1983, *In re American Hawk Enterprises, Ltd.*, Bankr. Case No. 81–01639–N.

The four-page document entitled "General Release of All Claims" approved by the Bankruptcy Court states in pertinent part:

GENERAL RELEASE OF ALL CLAIMS

KNOW ALL MEN BY THESE PRESENTS THAT:

This General Release is made this 12 day of August, 1983, in the City of Norfolk, Virginia, by Charles L. Marcus, Trustee in Bankruptcy of American Hawk Enterprises, Ltd., in favor of American Hawk U.S.A. Inc. and James J. Pappas.

\*  \*  \*  \*  \*  \*

Therefore, ... in consideration of the payment to Charles L. Marcus, Trustee in Bankruptcy for American Hawk Enterprises, Ltd., of the full and total sum of Twenty Thousand Dollars ($20,000.00), receipt of which is hereby acknowledged, Charles L. Marcus, Trustee, has and does for himself and for American Hawk Enterprises, Ltd., its successors, administrators and assigns, release, acquit and forever discharge James J. Pappas and American Hawk USA, Inc. ... from any and all actions, causes of action, claims or demands for damages, costs, reimbursement, contribution, indemnity, loss of use, loss of services, expenses, compensation, rental, consequential damages and/or any other thing whatsoever, on account of or in any way growing out of or relating to any and all known and/or unknown damages and/or injury of any type or description resulting or to result from the actions and/or interactions and/or associations and/or dealings between American Hawk USA, Inc. and/or James J. Pappas, and American Hawk Enterprises, Ltd., from the beginning of the world to the date of this Release, including but not limited to those matters and allegations contained in ancillary proceedings 82–0810–N and 82–0811–N above mentioned and all documents, pleadings and papers produced and/or filed and/or testimony taken in connection with those ancillary proceedings.

\*  \*  \*  \*  \*  \*

On August 12, 1983, the Bankruptcy Court in case No. 81–01639–N entered an order approving the compromise and settlement as a result of that day's hearing.

Consequently, this Court on October 4, 1983 entered separate orders dismissing with prejudice Adversary Proceeding No. 81–0810–N, which was the suit by the trustee against American Hawk, U.S.A., Inc. and in No. 82–0811–N which was the suit of the trustee against Pappas.

At oral argument before this Court on June 18, 1985, Puch's counsel admitted that his office received the above-mentioned notice of hearing. However, counsel stated he was out of town at the time and his office apparently did not bring the notice to his attention, failing to realize its import. The notice did not expressly refer to a general release. Puch, however, *never moved the Bankruptcy Court to set aside entry of the general release* at any time thereafter. At the hearing in this Court, the attorney for the trustee advised that it was the intent of the participants to release all the claims of the trustee of any and all kinds.

Puch's counsel argues that the instant matter is not barred because the trustee either abandoned significant claims of Puch or never held them. Furthermore, Puch maintains that the notice failed to inform creditors that a "general release" might result from the proposed settlement between the trustee and defendants Pappas and Hawk U.S.A.

This Court has undertaken a *de novo* review and adopts the Bankruptcy Court's recommendations.

## ANALYSIS

Although Puch had previously filed a proof of claim, and had appeared in some of the bankruptcy proceedings, it maintains that the trustee's "General Release" does not bar its instant claims.

Pursuant to 11 U.S.C. § 544,[1] the trustee in bankruptcy is given "strong arm" powers, which authorize the trustee to succeed as of the date of filing, *inter alia,* to the right of creditors to assert claims against the debtor. *See In re Mortgage America Corporation,* 714 F.2d 1266, 1275 (5th Cir. 1983).

■ This Court finds as a fact that the claims asserted here by Puch in its attempt to pierce the corporate veil are nearly identical to the claims asserted by the trustee and were previously compromised by the trustee. The claims presently pursued are not held by the creditor "individually". The Court further finds that these claims were not abandoned by the trustee, but rather were settled and released, without objection from Puch, for the sum of $20,000.

The general release executed by the trustee bars any claims against Pappas and Hawk U.S.A. which the trustee brought or could have brought. *See Virginia Impres-sion Products Co. v. S.C.M. Corporation,* 448 F.2d 262, 265 (4th Cir.1971), *cert. denied,* 405 U.S. 936, 92 S.Ct. 945, 30 L.Ed.2d 811 (1972).

■ The entry of the orders of this Court on October 4, 1983 dismissing with prejudice the claims of the trustee asserted against Puch and Hawk U.S.A. constitute a prior adjudication. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). Unlike collateral estoppel, the doctrine of res judicata precludes not only the relitigation of issues that were actually decided but also issues which could have been presented for determination. *Watkins v. M & M Tanklines, Inc.,* 694 F.2d 309, 311 (4th Cir.1982); *citing Mackey v. Frazier,* 234 S.C. 81, 106 S.E.2d 895 (1959).

■ In a suit where subject matter jurisdiction vests by virtue of the diversity of the parties, the rule of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny would normally control whether federal or state law concepts of res judicata and collateral estoppel apply. However, federal law controls the effect of the rules of res judicata of a prior judgment of a federal court. *Spiker v. Capitol Milk Producers Cooperative, Inc.,*

---

1. 11 U.S.C. § 544 provides as follows:
   Trustee as lien creditor and as successor to certain creditors and purchasers.
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and
   (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.
   (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title [11 USCS § 502] or that is not allowable only under section 502(e) of this title [11 USCS § 502(e)]. (Nov. 6, 1978, P.L. 95–598, Title I, § 101, 92 Stat. 2596.)

577 F.Supp. 416, 417–18 (W.D.Va.1983); *citing* Restatement (Second) of Judgments § 87 (1980).

The elements of res judicata were stated recently by the Fourth Circuit in *Watkins*, as follows:

> (1) The parties must be the same or their privies; (2) The subject matter must be the same; and (3) while generally the precise point must be ruled, yet where the parties are the same or in privity, the judgment is an absolute bar not only of what was decided but what might have been decided.
>
> Collateral estoppel is distinguished from res judicata by the lack of a requirement of technical privity between the parties and the lack of a requirement that the causes of action in the two suits be the same.

*Watkins, supra*, 694 F.2d at 311. (citations omitted). The compromise and general release which was approved by the Bankruptcy Court was entered between the trustee, Hawk U.S.A. and Pappas. In the instant matter, Puch has also sued Hawk U.S.A. and Pappas, and the trustee was joined as an essential party plaintiff. The Court holds that the trustee in bankruptcy stood in the shoes of all the creditors, including Puch, and therefore Puch was privy to the prior general release. Puch received notice of the compromise hearing and decided at its own risk not to attend. The entry of a release was a natural and logical consequence of the noticed compromise hearing. As held in *Throckmorton v. Hickman*, 279 Fed. 196, 202 (3rd Cir.1922), it is within the doctrine of res judicata that a trustee, under normal circumstances, represents all rights of stockholders and creditors and should be regarded as identical for such purposes. In *Throckmorton*, the inverse occurred, as the creditors brought a prior state action and the trustee brought a similar subsequent action. The court stated:

> Bankruptcy stops, temporarily or finally, the business activities of a corporation. The trustee of a bankrupt corporation acquires such title to its property as the bankrupt itself had, and in addition, such as execution creditors may have.... A trustee in bankruptcy in an action to protect or to recover bankrupt assets stands for and in the place of creditors and stockholders of the bankrupt corporation. Therefore, we think it within the doctrine of res judicata that such an officer representing in full measure all rights of stockholders and creditors should be regarded as identical with stockholders and creditors who theretofore had exerted rights in their own behalf.

*Id. See also* 50 C.J.S. Judgments § 809 (1947). Upon reviewing the language of the general release entered by the Bankruptcy Court, the Court finds that it clearly contemplated including claims such as Puch's within its breadth. *Cf. Virginia Impression Products Co., supra*, 448 F.2d at 265 (upheld validity of general release).

The doctrine of res judicata bars claims brought and those which might have been raised. We hold that any additional claims in the instant complaint are sufficiently interrelated with and similar to the prior claims raised by the trustee so as to be subsumed within the doctrine as stated. Puch's claim that the creditors' notice in question was inadequate and that the release entered at the hearing effectively violated its due process rights to notice and a hearing are without merit. No other creditors complained of any such deficiency and the notice sufficiently warned of the trustee's intentions.

There is no allegation by Puch of fraud or mutual mistake in the obtaining of the release. It is a "general release", releasing all claims against the defendants, which means what it says. Hence, the Court holds that the terms of the general release, as well as the doctrine of res judicata, each acting independently, bar the claims of Puch and the trustee in this case.

Accordingly, the Court AFFIRMS and ADOPTS the Bankruptcy Court's recommendations, DISMISSES with prejudice the complaint, and DISMISSES with prejudice all contingent counterclaims and third par-

 

ty complaints. Therefore, the entire action is DISMISSED.

IT IS SO ORDERED.