852 F.2d 132
 20 Collier Bankr.Cas.2d 13, Bankr. L. Rep. P 72,419
STEYR-DAIMLER-PUCH OF AMERICA CORPORATION, a Delaware
Corporation, Plaintiff- Appellee,
and
Charles L. Marcus, Trustee in Bankruptcy, for American Hawk
Enterprises, Ltd., Plaintiff,
v.
James J. PAPPAS; American Hawk, U.S.A., Inc., a purported
Virginia Corporation, Defendant-Appellant,
v.
Tavia GORDON; Daniel Gordon; Allen J. Gordon, Third Party
Defendants- Appellees.
STEYR-DAIMLER-PUCH OF AMERICA CORPORATION, a Delaware
Corporation, Plaintiff- Appellant,
and
Charles L. Marcus, Trustee in Bankruptcy for American Hawk
Enterprises, Ltd., Plaintiff,
v.
James J. PAPPAS; American Hawk, U.S.A., Inc., a purported
Virginia Corporation, Defendants-Appellees,
v.
Tavia GORDON; Daniel Gordon; Allen J. Gordon, Third Party
Defendants.
James J. PAPPAS; Plaintiff-Appellant,
American Hawk Enterprises, Ltd., Debtor-Appellant,
v.
STEYR-DAIMLER-PUCH OF AMERICA CORPORATION; Charles L.
Marcus, Trustee for American Hawk Enterprises,
Ltd., Defendants-Appellees,
and
Allen Tavia; Daniel Gordon, Defendants.
 Nos. 85-2046, 85-2072 and 86-3566.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 8, 1988.
Decided July 25, 1988.
 
 Randal M. Reaves, Lawrence Glanzer, Norfolk, Va., for appellees.
 No one argued for appellant.
 Before WIDENER and MURNAGHAN, Circuit Judges, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 MURNAGHAN, Circuit Judge:
 
 
 1
 Three consolidated appeals are before the court. All concern a voluntary bankruptcy proceeding of American Hawk Enterprises, Ltd. We dismiss two of the appeals, Nos. 85-2046 and 86-3566, for failure to prosecute, and affirm the district court in the other, No. 85-2072.
 
 
 2
 A partial history of the matter is found in Steyhr [sic] Daimler Puch of America Corp. v. Pappas, 35 B.R. 1001 (E.D.Va.1983) [hereinafter Enterprises I ] and Steyr Daimler Puch of America Corp. v. Pappas (In re American Hawk Enterprises ), 52 B.R. 395 (E.D.Va.1985) [hereinafter Enterprises II ]. Five parties or groups of parties are relevant in the proceedings: American Hawk Enterprises, Ltd. (Enterprises), Tavia, Allen and Daniel Gordon (the Gordons), James J. Pappas (Pappas), American Hawk U.S.A., Inc. (Hawk U.S.A.), and Steyr-Daimler Puch of America Corp. (SDPA). Enterprises was owned by the Gordons and Pappas. Pappas was the principal officer and ran the day to day operations of Enterprises. Enterprises was in the business of retailing goods primarily, if not exclusively, to the United States Navy. Hawk U.S.A. was created approximately fourteen months after Enterprises and engaged in the same type of business. SDPA sold goods to Enterprises.
 
 
 3
 On July 17, 1981, SDPA obtained a default judgment against Enterprises for $258,686.22 in the City of Virginia Beach Circuit Court arising out of the delivery of goods for which Enterprises did not pay. Enterprises moved the state court to set aside the default judgment. The court denied the motion on October 23, 1981. No appeal was taken; rather, Enterprises filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 28, 1981, with the United States District Court for the Eastern District of Virginia at Norfolk. On February 3, 1982 SDPA filed a proof of claim against the bankrupt estate for $258,686.82 based upon the default judgment.
 
 
 4
 The trustee on March 30, 1984 objected to SDPA's proof of claim, but the objection was denied by the bankruptcy court and the denial was affirmed by the district court. The trustee subsequently filed two suits against SDPA: a state court action to set aside the default judgment, and a federal suit to assert an offsetting claim against SDPA. The trustee determined that he could not prevail in the two suits and decided to enter into a compromise with SDPA in which the trustee agreed to dismiss the two suits and SDPA agreed to put a ceiling of $1076 on its recovery from the estate. The bankruptcy court on October 31, 1985, over Pappas' objection, approved the compromise. Pappas challenged the compromise in the district court. The district court affirmed the bankruptcy court's approval of the compromise. Pappas filed a notice of appeal. The appeal was docketed as No. 86-3566 in this Court.
 
 
 5
 Earlier the trustee had filed on November 24, 1986 suits against Pappas and Hawk U.S.A. for breach of duty and corporate mismanagement claims. The trustee proposed to compromise and settle the actions against Pappas and Hawk U.S.A. for $20,000. On August 12, 1983 the bankruptcy court approved the settlement of the claims. On October 4, 1983 the district court affirmed and dismissed the suits with prejudice. The trustee executed a general release in favor of Pappas and Hawk U.S.A.
 
 
 6
 One more litigation, initially begun outside the bankruptcy proceeding, is pertinent to the present appeal. On April 15, 1983, SDPA filed a complaint in district court alleging diversity jurisdiction against Pappas and Hawk U.S.A. alleging "alter ego" claims and seeking to have Pappas and Hawk U.S.A. answer for Enterprises' debt. Pappas and Hawk U.S.A. answered the SDPA suit, counterclaimed against SDPA and filed third party complaints against the Gordons. On November 10, 1983, the district court: (1) ordered the trustee in bankruptcy joined as a party plaintiff, thereby destroying diversity jurisdiction; (2) found that the district court retained jurisdiction because SDPA's action was "related to" a bankruptcy proceeding within the meaning of 28 U.S.C. Sec. 1471(b); (3) permitted the defendants to amend their counterclaim; and (4) referred the action to the bankruptcy court for its recommendations. Enterprises I, 35 B.R. at 1006.
 
 
 7
 Upon referral of the case to it, the bankruptcy court recommended that SDPA's action, as well as any claims of the trustee as party plaintiff, be dismissed. The district court, reviewing the matter de novo, agreed with the recommendation. It dismissed SDPA's action and also dismissed each of the contingent counterclaims of Pappas and Hawk U.S.A. against SDPA as well as their third-party claims against the Gordons. Enterprises II, 52 B.R. at 400-01. The district court reasoned that the general release executed by the trustee in bankruptcy barred any claims against Pappas and Hawk U.S.A. which the trustee brought or could have brought. Id. at 399. The court found that the alter ego claim was one that the trustee had brought pursuant to his power under 11 U.S.C. Sec. 544 to "step into the shoes" of creditors and to assert claims for the benefit of all creditors. Id. Because the trustee had brought, settled and released the alter ego claim on behalf of all creditors, including SDPA, the district court found that the trustee's settlement with Pappas and Hawk U.S.A. barred SDPA's action. Id. The counterclaims and third-party complaints of Pappas and Hawk U.S.A. were dismissed because they were contingent on the liability of Hawk U.S.A. and Pappas.
 
 
 8
 Pappas, acting pro se, appealed dismissal of his and Hawk U.S.A.'s counterclaim and third-party complaint. That appeal was docketed as Number 86-2046. SDPA later timely cross-appealed dismissal of its complaint against Pappas and Hawk U.S.A. That appeal was docketed as Number 86-2072.
 
 
 9
 Pappas is the appellant in two appeals, Numbers 86-3566 and 86-2046. Pappas has prosecuted neither appeal. Pappas, consistent with his conduct before the Bankruptcy Court and the District Court, has ignored virtually every order and request of this Court. For instance, the Clerk of the Court has repeatedly advised Pappas that while he can appear pro se on his own behalf, he may not represent Hawk U.S.A., a corporation, since he is not a member of the bar. Pappas left unanswered three letters from the Clerk inquiring about counsel for the corporate party. Additionally, he has failed to file a requested informal brief, and he failed to appear at oral argument though he was informed that the court expected him to appear.
 
 
 10
 A court has inherent discretionary power to dismiss an action for want of prosecution. 9 C. Wright and A. Miller Federal Practice and Procedure Sec. 2370 (1971). Pappas' prosecution of the appeals in Numbers 85-2046 and 86-3566 is wanting in virtually every respect. We dismiss them.
 
 
 11
 The trustee has asked for an award of his costs, including expenses and attorney's fees due to the frivolous and groundless nature of the appeals of Pappas and lack of good faith on Pappas' part in prosecuting the two appeals that he brought. Courts of Appeals may award damages, including attorney's fees and double costs, to an appellee when an appeal is frivolous. 28 U.S.C. Sec. 1912; Fed.R.A.P. 38. We assess double costs against Pappas for his failure to prosecute. We also award expenses and attorney's fees to the trustee and to SDPA.
 
 
 12
 We remand the case to the district court so that it may calculate the amount of attorney's fees due to the trustee and due to SDPA as a result of Pappas' bringing and failing to prosecute Appeals Nos. 85-2046 and 86-3566. Ginther v. O'Connell, In re Ginther, 791 F.2d 1151 (5th Cir.1986). The parties shall bear their own costs and attorney's fees arising from SDPA's appeal in number 85-2072.
 
 
 13
 SDPA's appeal in 85-2072 is an appeal of the district court's dismissal of its action against Pappas and Hawk U.S.A. seeking to have them answer for Enterprises' debt. The district court dismissed the suit after it concluded that the alter ego claim was one that the trustee had brought, compromised and released pursuant to his power under 11 U.S.C. Sec. 544 to "step into the shoes of creditors" and assert claims for the benefit of all creditors. SDPA's appeal presents an interesting issue of bankruptcy law, whether a bankruptcy trustee may bring an alter ego claim. We conclude that the trustee may and therefore affirm the district court's dismissal of SDPA's suit, but we so conclude on a different basis. We conclude that an alter ego claim, under Virginia law, is property of the corporation so that it becomes property of the bankruptcy estate over which the trustee has control pursuant to 11 U.S.C. Sec. 541. Since the trustee previously compromised that claim with Pappas and Hawk U.S.A., the district court was correct in dismissing SDPA's complaint asserting the claim.
 
 
 14
 SDPA's suit stated four counts: count I alleged that Enterprises and Hawk U.S.A. were "alter egos" of Pappas; count II was similar to count I with an additional allegation of alter ego compounded by fraud; count III alleged that asset transfers were fraudulent conveyances, and count IV alleged that Pappas breached his fiduciary duty to both corporations. At oral argument, in the present appeal, counsel for SDPA conceded that the fraud component of count II as well as counts III and IV belongs to the debtor and trustee. At issue then is the question whether the alter ego claim in count I (and count II that is now identical to count I since fraud was removed) can be brought by the trustee or whether it is personal to creditors like SDPA.
 
 
 15
 The powers of a bankruptcy trustee pertinent to the present case arise principally from two sources: (1) the rights of the debtor, 11 U.S.C. Sec. 541, and (2) the rights of creditors of the debtor, 11 U.S.C. Sec. 544. Federal bankruptcy law looks to state law for definition of what interests are rights of the debtor or creditors of the debtor. See Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); In re Livingston, 804 F.2d 1219 (11th Cir.1986); In re Brass Kettle Restaurant, Inc., 790 F.2d 574 (7th Cir.1986); In re N.S. Garrott & Sons, 772 F.2d 462 (8th Cir.1985). The courts that have confronted the issue whether an alter ego claim can be brought by the trustee have accordingly looked to the nature of that claim under state law. One found that since, under state law, a corporation could bring an alter ego claim against its principals, the claim is a right of the debtor that passes into the bankruptcy estate and to the trustee. S.I. Acquisition, Inc. v. Eastway Delivery Serv. (In re S.I. Acquisition, Inc.), 817 F.2d 1142, 1152-53 (5th Cir.1987). Others have found that the claim may be asserted by the trustee in his other capacity, as representative of creditors. They find that an alter ego claim is available to all creditors and that the trustee has the power under section 544 to bring such a general claim on behalf of all creditors. Matter of Kaiser, 791 F.2d 73, 75 (7th Cir.1986), cert. denied, 479 U.S. 1011, 107 S.Ct. 655, 93 L.Ed.2d 710 (1986); In re Western World Funding, Inc., 52 B.R. 743, 781 (Bankr.D.Nev.1985). One court has indicated that the trustee may bring an alter ego claim under either power. Koch Refining v. Farmers Union Cent. Exch., 831 F.2d 1339, 1346 (7th Cir.1987).
 
 
 16
 However, one recent Eighth Circuit case has not agreed that the trustee's power as the general representative of all creditors allowed him to bring an alter ego claim on their behalf. In Mixon v. Anderson (In re Ozark Restaurant Equip. Co., Inc.), 816 F.2d 1222 (8th Cir.1987), the court first concluded that under Arkansas law a corporation could not bring an alter ego action against its principals. Thus, the claim was not part of the bankruptcy estate and the trustee could not bring it as representative of the estate. The court next considered whether the trustee could bring the claim as representative of creditors. The court concluded that he could not; the court read section 544 not to grant the trustee power to assert general causes of action on behalf of the estate's creditors. Id. at 1228. Accord Wayne Film Sys. Corp. v. Film Recovery Sys. Corp., 64 B.R. 45 (N.D.Ill.1986).
 
 
 17
 We need not address the section 544 issue since we conclude that under Virginia law an alter ego claim is property of the estate under Sec. 541(a). Thus, the trustee, who succeeds to the rights of the debtor, can bring an alter ego claim.
 
 
 18
 Under Virginia law, a corporation has an equitable interest in the assets of an alter ego because the corporation and the alter ego are "one and the same." Pepper v. Dixie Splint Coal Co., 165 Va. 179, 181 S.E. 406 (1935). Section 541(a)(1) provides that the bankruptcy estate is comprised of all legal and equitable interests of the debtor including choses in action. Section 541(a) brings the right of Enterprises to proceed against its alter ego and claim its equitable interest in assets of the alter ego into the bankrupt estate. Accord S.I. Acquisition, Inc. v. Eastway Delivery Serv. Inc. (In re S.I. Acquisition, Inc.), 817 F.2d 1142, 1152-53 (5th Cir.1987); American Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica), 714 F.2d 1266, 1277-78 (5th Cir.1983). The trustee succeeded to that right and compromised it with the alter egos, Pappas and Hawk U.S.A.
 
 
 19
 Since the alter ego claim against Pappas and Hawk U.S.A. is "property of the estate" within the meaning of Sec. 541(a)(1), certain conclusions follow. First, the automatic stay applies. Moreover, because the claim is property of the estate, the trustee is given full authority over it. 4 Collier on Bankruptcy p 541.02 (15th ed. 1985). Thus, before the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim. Teltronics Services v. Anaconda-Ericsson, Inc., 587 F.Supp. 724, 729 (E.D.N.Y.1984), aff'd sub nom. Anaconda-Ericcson, Inc. v. Hessen (In re Teltronics Services), 762 F.2d 185 (2d Cir.1985). Without such a determination, a creditor seeking to pursue a claim cannot maintain it. Id. Thus SDPA's first cause of action, as well as its other three causes of action, could only be asserted by the trustee in bankruptcy. The district court therefore properly dismissed SDPA's complaint.
 
 
 20
 Since the defendants' counterclaims were contingent upon a finding of liability in favor of SDPA, they, too, were properly dismissed. Similarly, the third-party claims were also properly dismissed.
 
 
 21
 AFFIRMED.