981 F.2d 1253
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James George WALKER, Plaintiff-Appellant,
v.
SUBURBAN HOSPITAL ASSOCIATION; Joan Finerty; Paul Quinn;
James Gary; Bernadette Welch; Charles Stewart; Lloyd
Green; Dalton Williamson; Eric E. Johnson; Heidi Christl
Marchand; Aester Hailu, Defendants-Appellees.
 No. 92-1317.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 2, 1992
Decided: December 28, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-86-962-JH)
 James George Walker, Appellant Pro Se.
 Paul M. Lusky, Kruchko & Fries, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Walker filed a motion which was construed as a Fed. R. Civ. P. 60(b) motion seeking reconsideration of the dismissal of his employment discrimination claims in light of the Civil Rights Act of 1991 ("Act"). The district court denied the motion. We affirm. Additionally, Appellees seek damages pursuant to Fed. R. App. P. 38 because the appeal is frivolous. We grant the motion.
 
 
 2
 Walker asserts that he was denied relief in his original claim because of the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989), which restricted the applicability of 42 U.S.C. § 1981 (1988) to only those claims involving the making and enforcement of the employment contract. Walker alleges that since § 101(b) of the Act effectively reverses Patterson by expanding the coverage of § 1981 to include discrimination during performance of the contract, his claims should be revived.
 
 
 3
 However, the record shows that only Walker's discriminatory discipline claim was dismissed by this Court on the basis of Patterson. See Walker v. Suburban Hosp. Ass'n, No. 89-1412 (4th Cir. Sept. 19, 1989) (unpublished). Further review of the record shows that the district court dismissed this claim on the merits (the dismissal order was issued before Patterson was decided), and that the decision on the merits was amply supported. Thus, although we did not affirm the dismissal on the merits, there was a basis upon which we could have done so. Accordingly, Walker's Rule 60(b) motion was properly rejected in this request. In all other respects, Patterson has no effect on the other claims in Walker's Rule 60(b) motion and is no basis for relief.
 
 
 4
 Appellees filed a request for sanctions pursuant to Fed. R. App. P. 38. Rule 38 allows the appellate court to assess sanctions if the appeal is frivolous. To be frivolous, an appeal must lack factual evidence and legal authority. See Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132 (4th Cir. 1988). This Court has previously determined that Walker should be held to the standard of an attorney because of his degrees in law, pharmacy, and zoology. Walker v. Suburban Hosp. Ass'n, No. 90-1505 (4th Cir. Mar. 13, 1991) (unpublished). Applying a standard for an attorney, it is clear that Walker should have known that, except for the discriminatory discipline claim, this appeal lacked a factual basis based on a review of the record. Additionally, Walker submitted no legal authority beyond the Act to support his claim. Because Walker is held responsible for knowing better but persists in pursuing his claims which have been fully litigated, sanctions pursuant to Rule 38 are appropriate.
 
 
 5
 Therefore, we affirm the district court's order denying Walker's motion for reconsideration and grant Appellees' Rule 38 motion for sanctions. We further direct Appellees to file documentation of costs as they relate to this appeal only. The amount of the sanction will be determined later. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED