36 F.3d 1091
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anne ACKERMAN, Plaintiff-Appellant,
v.
Camilla MCRORY, Defendant-Appellee.
Anne ACKERMAN, Plaintiff-Appellant,
v.
Camilla MCRORY, Defendant-Appellee.
 Nos. 93-2315, 94-1178.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1994.
Decided Sept. 27, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-93-1092-B)
 Argued: Patrick Alan Hyde, Washington, DC, for appellant.
 John S. Vander Woude, Eccleston & Wolf, Baltimore, MD, for apellee.
 On brief: Ronald W. Fuchs, Eccleston & Wolf, Baltimore, MD, for appellee.
 Before WILKINSON and LUTTIG, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Anne Ackerman ("Ms. Ackerman") challenges two orders of the district court, raising numerous meritless issues. We affirm the decisions of the district court with respect to its disposition on the merits. In addition, because we find that this appeal is frivolous, we grant the Appellee Camilla McRory's ("McRory") motion for attorney's fees and costs in connection with this appeal under Federal Rule of Appellate Procedure 38.
 
 I.
 
 2
 Ms. Ackerman is an elderly widow who was hospitalized in September 1991 following an overdose of aspirin. Thereafter, two of Ms. Ackerman's children, Natalie Berman ("Berman") and Barbara Blechman ("Blechman"), filed a Petition for a Temporary Emergency Guardianship of Ms. Ackerman in Maryland state court. Simultaneously, Berman and Blechman petitioned the court for the appointment of an attorney pursuant to Maryland Estates and Trusts Code Annotated Sec. 13-709(f) (Michie Supp.1993). This section in pertinent part states:
 
 
 3
 The hearing on a petition for an emergency order for protective services shall be held under the following conditions:
 
 
 4
 ... (2) The person has the right to counsel whether or not he is present at the hearing. If the person is indigent or lacks the capacity to waive counsel, the court shall appoint counsel. Where the person is indigent, the State shall pay reasonable attorney's fees.
 
 
 5
 Maryland Rule R76, also relevant to the appointment of counsel in this situation, states:
 
 
 6
 The court in its discretion may appoint an attorney who shall investigate the facts of the case and shall report, in writing, his findings to the court.
 
 
 7
 McRory was the attorney appointed by the court to represent Ms. Ackerman, to investigate the facts, and to report to the court the results of the investigation. By order of the court the compensation for McRory was to come from Ms. Ackerman's estate.
 
 
 8
 A substantial dispute over Ms. Ackerman's mental and physical condition developed. Berman and Blechman contended Ms. Ackerman was incompetent; Ms. Ackerman argued otherwise as did her son, Frederick Ackerman, who lived with her. McRory reported to the court that Ms. Ackerman needed a guardian of her person and her property and that Berman was the appropriate person to serve as guardian. Needless to say, McRory's opinion did not sit well with Ms. Ackerman and Frederick Ackerman.
 
 
 9
 After submitting her report to the court, McRory filed an Interim Petition for Attorney's Fees. Both Ms. Ackerman and Frederick Ackerman filed opposition to the fees on the grounds that McRory had not done her work properly and the fees sought were excessive and unreasonable. The state judge with jurisdiction over the guardianship question overruled these objections and likewise denied a motion to reconsider. McRory was awarded the entire amount of the interim fees sought.
 
 
 10
 When McRory presented her final Petition for Attorney's Fees, Ms. Ackerman and Frederick Ackerman again opposed McRory and sought denial of her fees. A hearing was held by the state judge and all sides were given an opportunity to be heard. The judge concluded McRory was entitled to the sums she requested and the judge went further to state:
 
 
 11
 In this matter I think Ms.McRory acted appropriately. I think she acted in the best interest of Mrs. Ackerman and acted above and beyond the call of duty as an officer of the Court. Her fees are not unreasonable.
 
 
 12
 The judge issued a written order awarding the attorney's fees that became the subject of a motion by Frederick Ackerman to reconsider. Frederick Ackerman's motion was denied and Frederick Ackerman did not appeal. Instead, Ms. Ackerman filed this civil action against McRory and made allegations of legal malpractice, negligence, and false imprisonment. McRory responded with a number of defenses, including that of immunity guaranteed her in such appointed cases by the Maryland Annotated Code. On a Rule 56 motion the district judge agreed that immunity for McRory existed, and he granted summary judgment in McRory's favor. This appeal followed.
 
 
 13
 This court reviews a district court's decision granting summary judgment under a de novo standard of review. Moore v. Winebrenner, 927 F.2d 1312, 1313 (4th Cir.) cert. denied, 112 S.Ct. 97 (1991). Summary judgment is appropriate only if it is clear that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 II.
 
 14
 The first issue to be addressed is whether the district court properly concluded that a court-appointed attorney has statutory immunity from suit under Maryland Estates and Trust Code Annotated Sec. 13-710(a) (Michie 1991) and Maryland Courts and Judicial Proceedings Code Annotated Sec. 5-359(a) (Michie Supp.1993). Section 13-710(a) states:
 
 
 15
 Any person filing a petition, participating in the making of a good-faith report, or participating in an investigation or in a judicial proceeding resulting therefrom, pursuant to Sec. 13-705 or Sec. 13-709 of this article or Title 14, Subtitle 3 of the Family Law Article, shall have the immunity from civil liability or criminal penalty described under Sec. 5-359(a) of the Courts and Judicial Proceedings Article.
 
 Section 5-359(a) states:
 
 16
 Any person who files a petition, participates in the making of a good faith report, or participates in an investigation or in a judicial proceeding resulting from the filing of a petition or the making of a good faith report, under Sec. 13-705 or Sec. 13-709 of the Estates and Trust Article or Title 14, Subtitle 3 of the Family Law Article, shall in so doing be immune from any civil liability or criminal penalty that might otherwise be incurred or imposed as a result thereof.
 
 
 17
 Ms. Ackerman argues that these statutes do not apply to McRory because she believes no provision of Maryland law should insulate a court-appointed attorney from liability. Ms. Ackerman contends that McRory had a dual role as an investigator of the facts and as counsel and that she did not adequately perform her role as an advocate. Ms. Ackerman argues that even if McRory is insulated from liability for evaluative functions, McRory is not immune from liability for delicts committed in performance of traditional legal representation.
 
 
 18
 Conversely, McRory denies any tortious conduct whatsoever and further contends that the express language of the statutes grants her immunity from civil liability for the actions taken in her representation of Ms. Ackerman as Ms. Ackerman's court-appointed attorney. Thus, McRory argues that because the allegations in the complaint are based upon actions allegedly taken by her in the course of her representation, she is immune from suit.
 
 
 19
 The immunity from civil liability provided underSec. 13-710(a) and Sec. 5-359(a) clearly extends to McRory. There is no dispute that McRory was appointed by the court pursuant to Sec. 13-709(f)(2) to represent Ms. Ackerman in the guardianship case, a judicial proceeding. In accordance with Rule R76, McRory investigated the facts of the case and filed a written report with the court. The actions Ms. Ackerman attacks are those taken by McRory in her capacity as a court-appointed attorney. Both Secs. 13-710(a) and 5-359(a) clearly give immunity to any person who participates in a judicial proceeding predicated upon a petition filed under Sec. 13-709. The statute does not make the distinction Ms. Ackerman proposes--that immunity exists for McRory's investigative function but not for her advocacy role. The State of Maryland has obviously extended immunity to all functions required of McRory by virtue of her appointment to the case by the court. The plain language of the statutes mandates a determination that McRory is immune from any civil liability for her actions in connection with the representation of Ms. Ackerman.
 
 III.
 
 20
 The arguments asserted by Ms. Ackerman are simply meritless. Ms. Ackerman has failed to cite any authority from Maryland to support her contention that McRory should not be afforded statutory immunity in this case. The State of Maryland has clearly decided that a court-appointed attorney should be afforded statutory immunity where representation is ordered under these circumstances. Thus, Ms. Ackerman's appeal asserting that these statutes do not apply to McRory is frivolous and groundless.*
 
 
 21
 An appeal without factual evidence or legal authority will be deemed frivolous and sanctions will issue under Federal Rule of Appellate Procedure 38. See, e.g., Steyr-Daimler-Puch of America Corp. v. Pappas, 852 F.2d 132 (4th Cir.1988); NCNB Nat. Bank of North Carolina v. Tiller, 814 F.2d 931 (4th Cir.1987). If this court determines that an appeal is frivolous, we "may award just damages and single or double costs to the appellee." Fed. R.App. P. 38. McRory has asked for an award of attorney's fees in the amount of $3,588.00 and expenses in the amount of $1,311.38 pursuant to Rule 38. We agree that such an award is appropriate.
 
 IV.
 
 22
 In sum, we affirm the district court's decision granting McRory statutory immunity from suit. Because we find this appeal to be frivolous, we grant McRory's motion for attorney's fees and costs incurred in connection with this appeal and award McRory the sum of $4,899.38 against Ms. Ackerman and her attorney, Patrick A. Hyde.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The district court held that even if McRory were not statutorily immune from suit, McRory would still have absolute quasi-judicial immunity as a professional appointed to assist the court in evaluating Ackerman, pursuant to Williams v. Rappeport, 699 F.Supp. 501, 506-508 (D. Md.1988), aff'd, 879 F.2d 863 (4th Cir.), cert. denied, 493 U.S. 894 (1989). Since we find that McRory is immune from suit under Sec. 13-710(a) and Sec. 5-359(a), this issue need not be addressed by this court. Moreover, the additional claims raised by Ackerman in her motion for reconsideration are also without merit and frivolous